UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

|  |  |
|---|---|
| IN RE SEPTEMBER 11  LITIGATION | : Civil No.<br>: 21 MC 97 (AKH)<br>: 21 MC 101 (AKH)<br>: |
| - and - | : This Declaration relates to:<br>: 03 CV 7076 (AKH) |
| IN RE SEPTEMBER 11 PROPERTY DAMAGE AND<br>BUSINESS LOSS LITIGATION | : LORETTA J. FILIPOV v.<br>: AMERICAN AIRLINES, INC.,<br>: et al.<br>:<br>: **DECLARATION OF**<br>: **DESMOND T. BARRY, JR.** |

---------------------------------------------------------------------- X

      1.     I am an attorney and member of the law firm of Condon & Forsyth LLP, co-counsel for defendants American Airlines, Inc. and AMR Corporation in this litigation and I am fully familiar with all prior pleadings and proceedings.

      2.     I submit this declaration in support of the motion by defendants American Airlines, Inc., AMR Corporation and Globe Aviation Services Corporation for an Order: (1) approving the settlement; (2) entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; (3) ruling that the liability limitation contained in Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act applies to the settlement amount; and (4) dismissing the Complaint with prejudice as to all defendants.

      3.     Annexed hereto as Exhibit "A" is a true and accurate copy of the executed Confidential Stipulation of Settlement in *Filipov v. American Airlines, Inc., et al.,* 03 Civ. 7076 (AKH), with the settlement amount redacted. An unredacted copy of the Confidential Stipulation of Settlement is being filed with the Court under seal.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on April 18, 2007, at New York, New York.

Desmond T. Barry, Jr.

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

                                 :   No.: 21 MC 97 (AKH)

                                 :

IN RE SEPTEMBER 11 LITIGATION        :   **THIS DOCUMENT RELATES TO:**

                                 :   **03 CV 7076 (AKH)**

                                 :   **LORETTA J. FILIPOV v.**

                                 :   **AMERICAN AIRLINES, INC., et al.**

                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONFIDENTIAL STIPULATION OF SETTLEMENT

By and through their attorneys, Defendants AMERICAN AIRLINES, INC. (hereinafter "AMERICAN"), AMR CORPORATION (hereinafter "AMR") and GLOBE AVIATION SERVICES CORPORATION (hereinafter "GLOBE"), and Plaintiff LORETTA J. FILIPOV, in her own right, and as Executrix of the Estate of ALEXANDER M. FILIPOV, and on behalf of all heirs and next of kin of ALEXANDER M. FILIPOV, deceased (hereinafter "PLAINTIFF") hereby agree:

1.    In consideration of the sum of

        to be paid by the Insurers of AMERICAN and AMR, and the sum of

            to be paid by the Insurers of GLOBE, for

a total of the payments to PLAINTIFF of

        PLAINTIFF agrees to release and discharge AMERICAN, AMR, GLOBE and any and all other defendants named any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), and agrees to execute a Confidential Release in the form attached hereto as Exhibit "1".

        PLAINTIFF agrees that the sum of

        paid by the insurers of AMERICAN and AMR, shall be deducted from the

1

settlement amount payable by AMERICAN and AMR.

2. The parties to this Agreement recognize the legitimate interest of AMERICAN, AMR and GLOBE in ensuring that the full amounts paid pursuant to this Agreement count against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA"). AMERICAN, AMR, and GLOBE are not willing to enter into this Agreement absent that assurance. The parties therefore agree that:

     (a)     AMERICAN, AMR and GLOBE shall have no obligations hereunder, unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA; and

     (b)     No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA.

3. Within 21 days after execution of this Confidential Stipulation of Settlement, AMERICAN, AMR, and GLOBE, shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court the non-appealable determination described in paragraph "2". The parties agree, and PLAINTIFF specifically consents, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all proceedings by PLAINTIFF against AMERICAN, AMR and

2

GLOBE, and any and all other defendants named any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including without limitation each of the defendants listed in Appendix "A" to the Confidential Release in the form attached hereto as Exhibit "1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns.

4.     Following execution of this Confidential Stipulation of Settlement, PLAINTIFF shall submit to Judge Alvin K. Hellerstein a Motion for a Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFF to execute and deliver a Confidential Release in the form attached hereto as Exhibit "1".

5.     Upon receipt of authorization from the Court, PLAINTIFF shall deliver to AMERICAN, AMR and GLOBE an executed Confidential Release in the form attached hereto as Exhibit "1". The execution of said Confidential Release does not preclude the PLAINTIFF from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of ALEXANDER M. FILIPOV as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

6.     Subject to compliance with all conditions set forth above, within 30 days after the non-appealable determination described in paragraphs "2" and "3" is issued or within 30 days after receipt by counsel for AMERICAN, AMR and GLOBE of the executed Confidential Release, whichever is later, AMERICAN, AMR and GLOBE's insurers will pay to PLAINTIFF

3

the settlement funds as indicated in the Confidential Release.  In the event that a court of competent jurisdiction declines to enter the final non-appealable determination referenced in paragraphs "2" and "3", this Confidential Stipulation of Settlement shall be void, and PLAINTIFF shall be entitled to reinstate her case against the RELEASEES.

7.     The parties acknowledge that this Agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this agreement does not constitute an admission of liability by any party.

8.     This Agreement and the performance thereunder shall be governed by and construed under the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other jurisdiction.

9.     This Agreement may not be modified orally and can only be modified by means of a written agreement signed by the PLAINTIFF, AMERICAN, AMR and GLOBE.

10.    The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents, and insurance representatives who have a need to know the amount of the settlement and to any court referenced in paragraphs "2" and "3". No party, attorney, employee, agent or insurance representative of a party shall disclose the settlement amount unless required to do so by court order.

4

11.     This agreement may be executed in counterparts.

Dated: New York, New York
        This ‪11‬ day of ‪April‬, 2007.

MOTLEY RICE LLC

By: _____
        Donald A. Migliori (RI 4936
        P. H. V.

28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000

-and-

HANLY & CONROY, LLP
415 Madison Avenue
New York, NY 10017
(212) 401-7600

Attorneys for Plaintiff
LORETTA J. FILIPOV


JONES, HIRSCH, CONNORS & BULL P.C.


By: _____
        James P. Connors (JC 5421)

One Battery Park Plaza
New York, New York 10004
Tel:  (212) 527-1000
Fax:  (212) 527-1680

CONDON & FORSYTH LLP

By: _____
        Desmond T. Barry, Jr. (DB 8066)

Times Square Tower
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS


By: _____
        John P. Meehan


For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and AMR
CORPORATION

5

11.    This agreement may be executed in counterparts.

Dated: New York, New York
      This _____ day of _____, 2007.


MOTLEY RICE LLC

By:_____
     Donald A. Migliori  (        )

28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000

-and-

HANLY & CONROY, LLP
415 Madison Avenue
New York, NY 10017
(212) 401-7600

Attorneys for Plaintiff
LORETTA J. FILIPOV


JONES, HIRSCH, CONNORS & BULL P.C.

By:_____
     James P. Connors (JC 5421)

One Battery Park Plaza
New York, New York 10004
Tel:  (212) 527-1000
Fax:  (212) 527-1680


CONDON & FORSYTH LLP

By:_____
     Desmond T. Barry, Jr. (DB 8066)

Times Square Tower
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
     John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and AMR
CORPORATION

11.    This agreement may be executed in counterparts.

Dated: New York, New York
     This _____ day of _____, 2007.


MOTLEY RICE LLC

By:_____
    Donald A. Migliori  (     )

28 Bridgeside Blvd
PO Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000

-and-

HANLY & CONROY, LLP
415 Madison Avenue
New York, NY 10017
(212) 401-7600

Attorneys for Plaintiff
LORETTA J. FILIPOV


JONES, HIRSCH, CONNORS & BULL P.C.

By:_____
    James P. Connors (JC 5421)

One Battery Park Plaza
New York, New York 10004
Tel: (212) 527-1000
Fax: (212) 527-1680


CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)

Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and AMR
CORPORATION

5

-and-

Paul V. Kelly
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts 02110
Tel.: (617) 338-9300
Fax: (617) 338-9911

- and-

Gary W. Westerberg
LORD, BISSELL & BROOK
Suites 2600-3600
Harris Bank Building
115 South LaSalle Street
Chicago, Illinois 60603
Tel.: (312) 443-0700
Fax: (312) 443-0336

Attorneys for Defendant
GLOBE AVIATION SERVICES
CORPORATION

So Ordered:

_____

Alvin K. Hellerstein, District Judge

AIG AVIATION, INC., as aviation manager
for NATIONAL UNION FIRE INSURANCE
COMPANY of PITTSBURGH,
PENNSYLVANIA

By: _____
     Mark Breitenbach

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

EMPLOYERS INSURANCE OF WAUSAU,
A MUTUAL COMPANY


By:_____
     Patricia Aurichio

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

6

-and-

Paul V. Kelly
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, Massachusetts 02110
Tel.: (617) 338-9300
Fax: (617) 338-9911

- and-

Gary W. Westerberg
LORD, BISSELL & BROOK
Suites 2600-3600
Harris Bank Building
115 South LaSalle Street
Chicago, Illinois 60603
Tel.: (312) 443-0700
Fax: (312) 443-0336

Attorneys for Defendant
GLOBE AVIATION SERVICES
CORPORATION


So Ordered:


_____
Alvin K. Hellerstein, District Judge

AIG AVIATION, INC., as aviation manager
for NATIONAL UNION FIRE INSURANCE
COMPANY of PITTSBURGH,
PENNSYLVANIA


By:_____
    Mark Breitenbach

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

EMPLOYERS INSURANCE OF WAUSAU,
A MUTUAL COMPANY


By:_____
    Patricia Aurichio

Insurance company for GLOBE AVIATION
SERVICES CORPORATION

6

**Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                   :
                   :  No.: 21 MC 97 (AKH)
                   :
IN RE SEPTEMBER 11 LITIGATION   :  **THIS DOCUMENT RELATES TO:**
                   :  **03 CV 7076 (AKH)**
                   :  **LORETTA J. FILIPOV v.**
                   :  **AMERICAN AIRLINES, INC., et al.**
                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CONFIDENTIAL RELEASE</u>

LORETTA J. FILIPOV, in her own right, and as Executrix of the Estate of ALEXANDER M. FILIPOV, and on behalf of all beneficiaries, survivors, heirs and next of kin of ALEXANDER M. FILIPOV, deceased, as RELEASOR, and in consideration of the sum of

to be paid by the Insurers of AMERICAN AIRLINES, INC. (hereinafter, "AMERICAN") and AMR CORPORATION (hereinafter, "AMR"), and the sum of

to be paid by the Insurers of GLOBE AVIATION SERVICES CORPORATION (hereinafter, "GLOBE"), for a total of the payments to RELEASOR of

hereby releases and discharges AMERICAN, AMR, GLOBE, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH), including without limitation each of the defendants listed in Appendix "A" hereto ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, trespasses, damages,

                                              **EXHIBIT 1**

judgments, executions, claims, and demands whatsoever, in law, admiralty or equity, which the

RELEASOR, RELEASOR's heirs, executors, administrators, successors and/or assigns ever had,

now have or hereafter can, shall or may, have against the RELEASEES for, upon, or by reason

of any matter, cause, or thing whatsoever relating to or arising out of the following: wrongful

death of and personal injuries to ALEXANDER M. FILIPOV, whether assertable by the heirs or

personal representative of ALEXANDER M. FILIPOV or by any other person or entity entitled

by law to recover damages as a result of the death of or personal injury to ALEXANDER M.

FILIPOV, and whether characterized as wrongful death claims, survival or survivorship claims,

personal injuries or otherwise; loss of or damage to the baggage, personal effects, or other

property of ALEXANDER M. FILIPOV; amounts paid by ALEXANDER M. FILIPOV for

transportation; and any and all other losses, damages and/or injuries relating to or arising out of

ALEXANDER M. FILIPOV having been a passenger on American Airlines Flight 11 on

September 11, 2001 (hereinafter, "the death of ALEXANDER M. FILIPOV") from the

beginning of the world to the day of the date of this RELEASE.

RELEASOR agrees that the sum of

paid by the insurers of AMERICAN and AMR, shall be deducted from the

settlement amount payable by AMERICAN and AMR.

FOR AND IN FURTHER CONSIDERATION of the payments described above, the

RELEASOR agrees as follows:

1.    The RELEASOR agrees to protect, indemnify, and hold harmless RELEASEES

from and against all actions, causes of action, remedies, suits, debts, covenants, contracts,

controversies, agreements, promises, damages (including, but not limited to, pecuniary, non-

pecuniary, moral, patrimonial, compensatory and punitive damages), liabilities, judgments,

executions, claims, demands of whatsoever nature, known and unknown (including, but not limited to, liens or liabilities of whatsoever nature, including without limitation, those relating to or arising out of any worker's compensation payments and those that may arise by reason of the legal or tax consequences of this Confidential Release), and all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending any such actions, etc., brought against RELEASEES by anyone claiming by, through, or under RELEASOR, relating to or arising out of the death of ALEXANDER M. FILIPOV whether anticipated or unanticipated, however caused and whether by sole, joint, or concurrent negligence, strict liability, treaty liability, Intercarrier Agreement liability, contractual liability, or otherwise of RELEASEES.

2.      RELEASOR recognizes, acknowledges, and accepts that there is a risk that, after the execution of this Confidential Release, (a) RELEASOR will claim or suffer personal bodily discomfort, emotional distress, or economic loss that are in some way caused by or related to the death of ALEXANDER M. FILIPOV, but which are unknown and unanticipated at the time this Confidential Release is executed; (b) the damages presently known may be or may become more extensive than RELEASOR now expects or anticipates; and (c) the laws governing what damages are available to them may change.    RELEASOR accepts these risks, and this Confidential Release shall apply to all unknown and unanticipated results of the death of ALEXANDER M. FILIPOV as well as those known and anticipated.    The provisions of any local, state, federal, or foreign law, statute, or judicial decision providing in substance that releases shall not extend to unknown or unanticipated claims, damages, or injuries are hereby expressly waived.

3.      The payments described above and the execution of this Confidential Release are the result of a compromise of disputed claims and shall not at any time for any purpose be

**EXHIBIT 1**

considered as an admission of liability, responsibility, or proportionate responsibility of RELEASEES for any wrongdoing, negligence, or other culpable conduct in connection with the death of ALEXANDER M. FILIPOV. RELEASOR acknowledges that RELEASEES expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid further litigation and buy their peace. This Confidential Release is a final and full settlement of all claims against RELEASEES and shall not be subject to any claim of mistake of fact or law by RELEASOR.

4.      The amount of the payments of the settlement shall remain confidential. The parties shall not disclose the amount of the payments of the settlement agreement, except to the parties, their attorneys, employees, agents, and insurance representatives who have a need to know the amount of the settlement, and to any court of competent jurisdiction. No party, attorney, employee, agent or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

5.      RELEASOR represents and warrants that she is not relying on the advice of the RELEASEES, or anyone associated with them, as to legal, tax (income, estate, gift, or otherwise), or other consequences of any kind arising out of this Confidential Release; that she has not relied on any representations or statements, written or oral, of RELEASEES, including but not limited to, any factual representation regarding the death of ALEXANDER M. FILIPOV except those set forth in this Confidential Release; and that she is knowingly and voluntarily signing this Confidential Release and is not subject to duress, coercion, or undue influence by the RELEASEES or anyone else.

6.      RELEASOR represents and warrants that she has not filed, will not file, or cause to be filed, any other actions, causes of action, suits, claims, or demands, of any nature

4

**EXHIBIT 1**

whatsoever, arising from or relating to the death of ALEXANDER M. FILIPOV in any court or tribunal, or with any adjudicatory, legislative, executive or other governmental or private body or agency anywhere in the U.S. or abroad against RELEASEES.  This Confidential Release does not preclude the RELEASOR from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of ALEXANDER M. FILIPOV, as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

7.    RELEASOR understands that she has the right to obtain legal counsel to review and evaluate this Confidential Release, and RELEASOR attests that she has done so or agreed to waive this right.  RELEASOR further understands and agrees that she shall be responsible for the payment of all expenses arising from and in connection with any matters related to the death of ALEXANDER M. FILIPOV other than any expenses previously paid for by the RELEASEES, and that RELEASOR shall be responsible for the payment of any attorneys' fees and legal expenses that she has incurred or may incur.  RELEASOR further agrees that statutes providing for payment of interest, costs or expenses with respect to settlement proceeds in this action are inapplicable.

8.    RELEASOR represents and warrants that she will satisfy all outstanding workers' compensation liens, medical liens, attorneys' fees liens, and all other liens, if any, from the proceeds of this settlement.

**EXHIBIT 1**

9.     This Confidential Release and the performance thereunder, shall be governed by and construed under the laws of the State of New York, without giving effect to its conflicts of law provisions that would result in the application of the law of any other jurisdiction.

10.     This Confidential Release may not be modified orally and can only be modified by means of a written agreement signed by the RELEASOR, AMERICAN, AMR, and GLOBE.

11.     This Confidential Release can be executed in multiple originals.

In witness whereof, the RELEASOR has hereunto set RELEASOR'S hand and seal on the _____ day of _____, 2007.

_____
LORETTA J. FILIPOV, RELEASOR

STATE OF _____    )
                          ) ss.:
COUNTY OF _____     )

On _____, 2007, before me personally came LORETTA J. FILIPOV, to me known, and known to me to be the individual described herein, and who executed the foregoing CONFIDENTIAL RELEASE, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

NYOFFICE 663564v1                                    **EXHIBIT 1**

## APPENDIX A

AEROFLOT, a Russian corporation;

AIR CANADA

AIR FRANCE, a French corporation

AIR JAMAICA, a Jamaican corporation

AIR TRANSPORT ASSOCIATION OF AMERICA, INC.

AIRTRAN AIRLINES

ALASKA AIRLINES, INC.

AMERICA WEST AIRLINES, INC.

AMERICAN AIRLINES, INC.

AMERICAN EAGLE AIRLINES

AMERICAN TRANS AIR, INC.

AMR CORPORATION

ANA, a Japanese corporation

ARGENBRIGHT SECURITY, INC.

ATA AIRLINES, INC.

ATLANTIC COAST AIRLINES, INC.

AUSTRIAN AIRLINES, an Austrian corporation

BARKSHIRE, INC.

BRITISH AIRWAYS, a United Kingdom corporation

BRITISH MIDLAND AIRWAYS, LTD, a United Kingdom corporation

BURNS INTERNATIONAL SECURITY SERVICES CORP.

BURNS INTERNATIONAL SERVICES CORP.

BWIA INTERNATIONAL AIRWAYS, a Trinidad/Tobago corporation

CAPE AIR

CITY OF PORTLAND, MAINE

COLGAN AIR, INC.

CONTINENTAL AIRLINES, INC.

DELTA AIR LINES INC.

DELTA EXPRESS

EMERY ROTH AND PARTNERS LLC d/b/a EMERY ROTH & SONS

ETHIOPIAN AIRLINES S.C.

FRONTIER AIRLINES, INC.

GLOBE AVIATION SERVICES CORPORATION

GLOBE AIRPORT SECURITY SERVICES, INC.

HEIMANN SYSTEMS CORP.,

HUNTLEIGH USA CORP.

ICTS INTERNATIONAL NV

INVISION TECHNOLOGIES, INC.

JETBLUE

KLM, a Dutch corporation

KOREAN AIRLINES

L-3 COMMUNICATIONS CORPORATION

L-3 COMMUNICATIONS CORPORATION SECURITY AND DETECTION SYSTEMS

L-3 COMMUNICATIONS HOLDINGS, INC.

LESLIE E. ROBERTSON ASSOCIATES

**EXHIBIT 1**

LUFTHANSA, a German corporation

MAGNUSSON KLEMENCIC ASSOCIATES

MASSACHUSETTS PORT AUTHORITY

METROPOLITAN WASHINGTON AIRPORT AUTHORITY

MIDWEST EXPRESS AIRLINES

MINORU YAMASAKI ASSOCIATES

NATIONAL AIRLINES

NORTHWEST AIRLINES

PAN AMERICAN AIRWAYS

PINKERTON'S, INC.

PORT AUTHORITY OF NEW YORK & NEW JERSEY

QANTAS AIRWAYS LIMITED

QUANTUM MAGNETICS, INC.

SAUDI ARABIAN AIRLINES, a Saudi Arabian corporation

SCANDINAVIAN AIRLINES SYSTEM, SAS, a Swedish corporation

SECURICOR PLC

SECURITAS AB

SILVERSTEIN PROPERTIES, INC.

SKILLING WARD MAGNUSSON

SWISS, a Swiss corporation

SWISSAIR TRANSPORT COMPANY

TACA INTERNATIONAL AIRLINES, an El Salvador corporation

TEM ENTERPRISES d/b/a CASINO EXPRESS

9

**EXHIBIT 1**

THE BOEING COMPANY

TISHMAN REALTY & CONSTRUCTION CO., INC.

UAL CORPORATION

UNITED AIR LINES, INC.

US AIRWAYS, INC.

VIRGIN ATLANTIC AIRWAYS LTD, a United Kingdom corporation

WORLD TRADE CENTER PROPERTIES LLC