Exhibit 21

Exhibit 21 has been filed in hard-copy format pursuant to ¶7.3 of the March 30, 2004 Confidentiality Order in this litigation.

Exhibit 22

Exhibit 22 has been filed in hard-copy format pursuant to ¶7.3 of the March 30, 2004 Confidentiality Order in this litigation.

Exhibit  23

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

IN RE SEPTEMBER 11TH LITIGATION
IN RE SEPTEMBER 11TH PROPERTY DAMAGE AND
BUSINESS LOSS LITIGATION
### V.

Federal Aviation Administration
800 Independence Avenue, SW
To: Washington, DC 20591

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 21 MC 97 (AKH)
21 MC 101 (AKH)
SOUTHERN DISTRICT OF NEW YORK

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION United States District Court for the SDNY, 500 Pearl Street, New York, NY; See attached 30(b)(6) Deposition Notice. | DATE AND TIME September 12, 2006 - 10:00 a.m. |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE Condon & Forsyth LLP, 7 Times Square, New York, NY 10036; See Document Requests attached hereto as Schedule A. | DATE AND TIME August 14, 2006 - 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Desmond T. Barry - HH* Aviation Defendant's Liaison Counsel* | DATE July 14, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Des Barry, Aviation Defendants' Liaison Counsel, Condon & Forsyth LLP, 7 Times Square, New York, NY, (212) 894-6770.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

*Requesting Aviation Defendants consist of American Airlines, Inc., AMR Corp., United Airlines, Inc., UAL Corporation, Colgan Air, Inc., US Airways, Inc., US Airways Group, Argenbright Security, Inc., Globe Aviation Services Inc., and Huntleigh USA Corp., Inc. US Airways Group, Inc. and US Airways, Inc. join in these demands solely with respect to the PI/WD and PD/BLclaimants who have signed the stipulation entered in their bankruptcy cases. The Plan Injunction remains in effect for any and all remaining claims.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
              Date                              Signature of Server

                                          _____
                                          Address of Server

RULE 45, Federal Rules of Civil Procedure, Part C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition. hearing or trial.

(B)    Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party Serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena. quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that Cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Exhibit 24



**U.S. Department of Justice**
Civil Division, Federal Programs Branch

| **Via First-Class Mail** | **Via Overnight Delivery** |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., NW |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Jeffrey M. Smith
Trial Attorney

Tel: 202/514-5751
Fax: 202/616-8202

July 28, 2006

**Via Federal Express and First Class Mail**

Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP
7 Times Square
New York, NY 10036

      Re:     District of Columbia Subpoenas to the Transportation Security Administration and
              Federal Aviation Administration in <u>In re: September 11, 2001 Litigation</u>, 21 MC 97 and
              21 MC 101 (S.D.N.Y.)

Dear Counsel:

       I write in response to subpoenas issued by your firm in the above-referenced case to the
Transportation Security Administration ("TSA") and the Federal Aviation Administration ("FAA")
(collectively, "Agencies"). The United States Department of Justice represents the Agencies for
purposes of these subpoenas. The Agencies would like to arrange a meeting to discuss ways of
meeting your need for information, without unduly burdening the Agencies or permitting the improper
dissemination of classified, sensitive, privileged, or other confidential information. In the meantime,
this letter serves to inform you of the applicable regulations and of the Agencies' objections to the
subpoenas pursuant to Federal Rule 45(c)(2)(B).

**The Applicable *Touhy* Procedures**

       Discovery against federal agencies is governed by federal regulations, known as *Touhy*
regulations after the case of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), in which the
Supreme Court upheld the validity of such regulations for processing subpoenas. *See id.* at 468
(holding that the head of an agency has the authority to promulgate regulations to govern the
processing of subpoenas to the agency). The rationale for such regulations was stated by the Supreme
Court as follows: "When one considers the variety of information contained in the files of any
government department and the possibilities of harm from unrestricted disclosure in court, the
usefulness, indeed the necessity, of centralizing determination as to whether subpoenas *duces tecum*
will be willingly obeyed or challenged is obvious." *Id.*

       The *Touhy* regulations for the Department of Homeland Security, which includes TSA, may be
found at 6 C.F.R. § 5.41 through 6 C.F.R. § 5.49. The *Touhy* regulations for the Department of
Transportation, which includes FAA, may be found at 49 C.F.R. § 9.1 through 49 C.F.R. § 9.19. The

applicability of these regulations to your demands for testimony and documents is discussed below.

### The Subpoenas *Ad Testificandum*

To the extent that the Requesting Defendants' Rule 45 subpoenas seek testimony from employees of TSA and FAA, the subpoenas are objectionable. Requests for testimony are handled pursuant to the Agencies' *Touhy* regulations.

In order to request testimony from TSA, the requestor must "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." 6 C.F.R. § 5.45(a); *see also* 6 C.F.R. § 5.44(a) (prohibiting unauthorized testimony). The Department of Homeland Security will then determine whether it will provide testimony on any of the topics sought, weighing the factors set forth in 6 C.F.R. § 5.48.

In order to request testimony from FAA, a requestor must submit a written request to the Department of Transportation providing the information set forth in 49 C.F.R. § 9.15. This information includes "[a] statement setting forth the basic facts of the proceeding," "[a] summary of the unresolved issues applicable to the testimony sought," "[a] summary of the testimony sought and its relevan[ce] to the proceeding," "[a] certification with support, that the information desired is not reasonably available from other sources," and "[a] declaration that the party will not seek expert or opinion testimony from the witness or seek the testimony of the witness at a hearing or trial in the proceeding." *Id.*

Absent compliance with the *Touhy* regulations, government employees are not authorized to testify and therefore cannot appear for, or be compelled to attend, depositions. *See Houston Bus. J., Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996); *Ho v. United States*, 374 F. Supp. 2d 82, 83 (D.D.C. 2005).

### The Subpoenas *Duces Tecum*

Rule 45 subpoenas for documents are also subject to the procedural requirements of the Agencies' respective *Touhy* regulations. *See Touhy*, 340 U.S. at 468; *Yousuf v. Samantar*, 451 F.3d 248, 257 (D.C. Cir. 2006) (*Touhy* regulations permit the "centralizing [of an agency's] response to [a document] subpoena"). The Agencies thus will process your document subpoenas pursuant to their respective *Touhy* regulations as well as Rule 45 considerations, including, without limitation, those set below.

## Rule 45 Objections

In addition to the issues raised above, the Requesting Defendants' subpoenas are objectionable under Rule 45. The Agencies object to all instructions, definitions, and requests to the extent that they exceed the requirements of the Federal Rules of Civil Procedure. For example, your attempt to incorporate provisions from the Local Rules for the Southern District of New York is objectionable, as the subpoenas have issued out of the District for the District of Columbia.

The Agencies also object to the subpoenas because they are vague and extremely overbroad, and impose an undue burden on the Agencies. *See* Fed. R. Civ. P. 45(c)(1) ("A party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."). For example, in general, the requests have no date restrictions, (*see* Instruction & Definition B), and are therefore burdensome for that reason alone. *See Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 319 & n.6 (D.D.C. 1998). To the extent that certain requests can be read as seeking all documents generated prior to September 11, 2001, they are still overly broad as they do not contain a reasonable beginning date restriction for the search. Additionally, the vast majority of the requests seek "[a]ll Documents" that "concern[ ]" broad categories, providing little guidance as to what documents you seek, and presenting the Agencies with onerous burdens. Indeed, these 62 requests (plus numerous subparts) would require the production of massive amounts of documents and would impose excessive search and production burdens on the Agencies in violation of Rule 45.

A number of your requests appear to seek documents that are in the possession of the Requesting Defendants. *See, e.g.*, Requests 11, 33, 35, 38, 40, 42, 43, 46, 58. The Agencies object to your requests to the extent that they seek documents that are already in the possession of one or more of the parties. Additionally, much of the information that you seek is available from public sources. The Agencies object to each request to the extent that it seeks information that is already in the public domain.

A large number of your requests also appear to seek inter- or intra-agency communications. Such requests implicate a host of governmental privileges such as the deliberative process privilege and law enforcement privileges. The Agencies object to any request for material that is subject to these or any other privileges.

The Agencies object to each of your requests because they call for the production of Sensitive Security Information ("SSI") and/or classified national security information. Classified information will not be produced under any circumstances. Any documents that may contain SSI must be reviewed and redacted by the Transportation Security Administration. SSI is "information obtained or developed in the conduct of security activities . . . which TSA has determined would . . . be detrimental to the security of transportation." 49 C.F.R. § 1520.5(a)(3). TSA's regulations restrict disclosure of SSI to those persons with a regulatory need to know the information. 49 C.F.R. §§ 1520.7, 1520.11; *cf.* 49 U.S.C. § 114(s)(1)(C). To the extent that TSA determines that SSI is present, that information cannot be released. Information designated SSI is privileged and may not be released in the civil discovery process, and district courts lack jurisdiction to review SSI designations or to order the disclosure of SSI in civil discovery. 49 U.S.C. § 46110; *see, e.g., Chowdhury v. Northwest Airlines Corp.*, 226 F.R.D. 608 (N.D. Cal. 2004).[1]

---

[1] The Agencies recognize that the Requesting Defendants are entities that have access to SSI in the course of their businesses. However, other parties to this litigation are not entitled to access to SSI, and it appears that the discovery that you seek would become available to all parties. *See* Letter from Desmond T. Barry, Jr. to Beth E. Goldman & Sarah S. Normand, at 1 (July 14, 2006) (suggesting a meeting relating to these subpoenas be open "to all parties to the litigation who wish to attend"); Fed.

The Agencies also object that the subpoenas do not provide sufficient time for compliance. As the discussion above illustrates, the breadth of these sixty-two requests (plus subparts) is substantial and implicates numerous privilege issues. The time required to locate and review responsive documents would be substantially more than the one month allotted in the subpoena.

The Agencies also object to your designation of document production and deposition sites in New York, when the subpoenas were issued from the District for the District of Columbia and the Agencies are located in the D.C. area. *See* Fed. R. Civ. P. 45(a)(2), (b)(1).

For all of these reasons, the Agencies object to your subpoenas. The foregoing concerns and objections are not exhaustive, and the Agencies reserve the right to assert further objections in response to your requests for information, as appropriate.

* * *

The Agencies would like to work with the Requesting Defendants to reach an agreement that will provide the Requesting Defendants with the information that is appropriate for use in the September 11 Litigation, while protecting the Agencies from undue burden and preventing the dissemination of privileged, classified, and sensitive information. To that end, we look forward to meeting with you at a mutually convenient date to discuss these issues. We propose a meeting on the afternoon of August 9th in Washington, D.C. If that date is unworkable for you, then we would be available the following week. We request that you take into account the objections stated above and narrow your requests accordingly, in order to facilitate an agreement that is acceptable to both the Requesting Defendants and the Agencies.

Sincerely,

JEFFREY M. SMITH
Trial Attorney
Federal Programs Branch

cc:    All Liaison Counsel (by e-mail)

---

R. Civ. P. 30(b)(1) (stating that all parties are entitled to attend each deposition and to designation of documents produced by witnesses).

- 4 -

Exhibit 25



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, Third Floor*
*New York, New York 10007*

April 10, 2007

BY FACSIMILE AND ELECTRONIC MAIL

Hon. Alvin K. Hellerstein
United States District Judge
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

      Re:  <u>In re September 11 Litigation</u>
           21 MC 97 & 101 (AKH)

Dear Judge Hellerstein:

      We write respectfully to advise the Court of the
Government's position regarding the motion filed by plaintiffs
and cross-claim plaintiffs (collectively, "plaintiffs") on April
4, 2007, to quash the Rule 30(b)(6) deposition of the Federal
Aviation Administration ("FAA"), and to request that the Court
set an expedited schedule for resolution of plaintiffs' motion.

      Principally, plaintiffs request that the Court adjourn
the deposition pending (1) their review of documents that will be
made available in the Sensitive Security Information ("SSI")
reading room upon the completion of the attorney clearance
process, and (2) the Court's disposition of the forthcoming
motion by the aviation defendants' concerning the scope of
government discovery.  Alternatively, plaintiffs request that the
Court limit the scope of the Notice of Deposition served by the
aviation defendants.

<u>Plaintiffs' Request for an Adjournment</u>

      The Government has no objection to plaintiffs' request
for an adjournment of the Rule 30(b)(6) deposition.  As we stated
in our letter dated March 30, 2007, a copy of which is attached
to plaintiffs' memorandum of law, the FAA and TSA are prepared to
provide a Rule 30(b)(6) deposition on certain limited topics, but
in accordance with the applicable <u>Touhy</u> regulations, the FAA and
TSA will only make a witness (or witnesses) available for a
single Rule 30(b)(6) deposition in this proceeding.  <u>See</u> 49

C.F.R. § 9.9(d).[1]  Accordingly, if parties require additional
time to review documents, or if the outcome of the aviation
defendants' motion may bear on issues that the parties
(plaintiffs or defendants) wish to explore in the deposition, the
Government does not oppose an adjournment for those purposes.

        Plaintiffs note that they did not participate in the
meet and confer between the aviation defendants and the
Government regarding the scope of the aviation defendants'
request for deposition testimony.  See Pl. Mem. at 2.  The
purpose of that meeting was to discuss the aviation defendants'
Touhy request and to narrow defendants' proposed list of topics.
We have had similar informal discussions with plaintiffs
regarding their various Touhy requests.  To the extent plaintiffs
wish to meet with us to discuss the scope of the Rule 30(b)(6)
deposition, or any other outstanding request for Government
discovery, we are willing to do so.  Again, because the FAA and
TSA are only willing to provide a single Rule 30(b)(6)
deposition, any such discussions must take place reasonably in
advance of the commencement of the deposition.

Plaintiffs' Alternative Request to Limit the Notice of Deposition

        Plaintiffs alternatively request that the Court limit
the Notice of Deposition by excluding certain topics that seek to
elicit from the FAA opinion testimony, legal conclusions, or
interpretations of regulatory requirements.  See Pl. Mem. at 6.
As noted in our March 30 letter, the FAA and TSA have not yet
issued a formal decision authorizing testimony under the
applicable Touhy regulations.[2]  The agencies may not authorize
testimony on all of the topics listed in the Notice of
Deposition, and they may not authorize testimony on the topics as
framed in the Notice of Deposition, particularly where we have
previously advised the aviation defendants that particular topics

_____

        [1]    We do not agree with plaintiffs' apparent suggestion,
see Pl. Mem. at 4, that the United States' intervention in this
matter on behalf of the Transportation Security Administration
("TSA") for the limited purpose of protecting SSI renders the
Government a party for purposes of discovery.  FAA and TSA have
agreed to provide a Rule 30(b)(6) deposition pursuant to their
Touhy regulations governing requests for discovery in litigation
to which the Government is not a party.  See 6 C.F.R. §§ 5.41 et
seq.; 49 C.F.R. §§ 9.1 et seq.

        [2]    The agencies' final decision will be reviewable by this
Court in a separate action filed pursuant to the Administrative
Procedure Act and designated as related to this litigation.

are objectionable.  With regard to the specific objections noted
in plaintiffs' motion, we have previously advised the aviation
defendants that the FAA and TSA are unlikely to authorize a
witness to testify concerning expert opinions, legal conclusions,
or interpretations that go beyond the specific regulatory
requirements at issue.  See 49 C.F.R. § 9.9(b)-(c).

Request for Expedited Treatment of Plaintiffs' Motion to Quash

        The Government is concerned about the timing for
resolution of plaintiffs' motion to quash.  It is enormously
time-consuming and burdensome to prepare for a Rule 30(b)(6)
deposition of the FAA.  Further, the preparation of such a
witness or witnesses (and, in some instances, identifying them)
initially depends on the areas of inquiry and their scope.  We
are concerned about having to undertake the effort to prepare a
witness to testify during the first week of May, only to have the
deposition adjourned to a later date, thus requiring duplication
of effort and compounding the burdens associated with the
deposition.

        We therefore respectfully request that the Court set an
expedited schedule for resolution of plaintiffs' motion, so that
the Government will know how to proceed no later than April 17.
Alternatively, if a normal briefing schedule will apply to the
pending motion to quash, then the Government respectfully
requests that the deposition be adjourned until at least fifteen
days after the motion is decided.

        We thank the Court for its consideration of this
submission.

                        Respectfully,


PETER D. KEISLER                MICHAEL J. GARCIA
Assistant Attorney General      United States Attorney


DOUGLAS N. LETTER            By: _____
JEFFREY SMITH                   BETH E. GOLDMAN
U.S. Department of Justice      SARAH S. NORMAND
                                JEANNETTE A. VARGAS
LOIS B. OSLER                   Assistant U.S. Attorneys
CAROLYN G. MCKEE                Telephone: (212) 637-2732/2709
AMY A. RUGGERI                  Facsimile: (212) 637-2730/2702
KEVIN G. HOULIHAN
Transportation Security Administration

RICHARD SALTSMAN
Federal Aviation Admininistration

Page 4 of  4

cc (by electronic mail):

    Desmond T. Barry, Jr., Esq.
    Condon & Forsyth LLP

    Marc S. Moller, Esq.
    Kreindler & Kreindler

    Robert A. Clifford, Esq.
    Clifford Law Offices, P.C.

    Richard Williamson, Esq.
    Flemming, Zulack, Williamson & Zauderer LLP

    Beth Jacob, Esq.
    Schiff Hardin LLP

Exhibit 26



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

March 21, 2007

<u>By Electronic Mail</u>
The Honorable Alvin K. Hellerstein
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York  10007

            Re:  In Re September 11 Tort Litigation
                 <u>21 MC 97 (AKH) & 21 MC 101 (AKH)</u>

Dear Judge Hellerstein:

        In anticipation of the conference scheduled for March
22, 2007, we write to provide the Court with a status report
detailing the progress made by the Government in discovery in
this case.

<u>SSI Review</u>

        Since October 6, 2006, TSA has reviewed 68,675 pages
for Sensitive Security Information, of which 66,583 were released
in full.  Those documents included American and United Third Wave
documents, and documents subpoenaed from third parties.

        The TSA/DOJ team has attended 50 depositions and
reviewed more than 11,000 pages of deposition transcripts.  In
addition, TSA has accommodated requests from the parties for
review or re-review of approximately 3000 pages for use at the
depositions.  Many of these requests for re-review have come on
one or two days' notice, and TSA has nevertheless completed the
review – often involving hundreds of pages – in time for the
depositions.

Hon. Alvin K. Hellerstein
March 21, 2007
Page 2

Reading Room

        We have established a reading room at 26 Federal Plaza,
29th Floor, for use by the parties for review of SSI.  We have
also submitted for the Court's signature a Stipulated Protective
Order Governing Access to, Handling of, and Disposition of
Potential Sensitive Security Information.  This Stipulated
Protective Order is the result of a cooperative effort among the
plaintiffs, cross-claim plaintiffs, aviation defendants and TSA
to establish a mechanism by which cleared attorneys can review
and use SSI during discovery.  We are in the process of placing
documents in the reading room, and expect to open the reading
room immediately upon clearance of the lawyers designated by the
parties.

        Under the Stipulated Protective Order and pursuant to
Section 525(d) of the Department of Homeland Security Act, 2007,
Pub. L. No. 109-295, 120 Stat. 1355, access to SSI is restricted
to those who have undergone a clearance procedure.  The
Stipulated Protective Order provides that each group of parties
in the litigation – the plaintiffs, the aviation defendants and
the cross-claim plaintiffs – must designate lawyers to be cleared
for access to the reading room in accordance with the formula set
forth in paragraph 5.  The parties have indicated that they will
shortly provide a list of their designations (and in some cases
they already have), and accordingly, we have arranged for
investigators from the United States Attorney's Office to be
available on March 22, beginning at 10 a.m., to collect clearance
materials and fingerprints.  We anticipate that the clearance
process itself will be completed in a brief time-period, and that
the reading room will be populated in the next few weeks.

Discovery Requests of Other Government Agencies

        In July 2006, the aviation defendants served voluminous
requests for documents on TSA and FAA.[1]  In response, TSA has

---

        [1] Defendants' portion of the joint letter submitted
yesterday stated that the government has only recently begun to
produce documents in response to requests propounded in February
2005 and July 2006.  Defendants have since clarified that the
reference to discovery requests in February 2005 was in error.
In fact, no party propounded any discovery on the government
until July 2006.  After a period of negotiation in which TSA
provided an index of documents submitted to the 9/11 Commission

Hon. Alvin K. Hellerstein
March 21, 2007
Page 3

gathered and produced more than 8000 pages to date, including
pages designated for the reading room.

        In addition to the requests made by defendants for
documents from TSA and FAA, plaintiffs and defendants have sought
documents from numerous other federal agencies and depositions of
current and former government officials and persons in United
States custody.

        First, plaintiffs, cross-claim plaintiffs, and the
aviation defendants have made numerous requests for documents
from the FBI.  The investigation of the terrorist attacks of
September 11, 2001, is the largest investigation in the history
of the FBI and comprises millions of pages of documents, many of
which contain classified national security information and/or
information protected by the law enforcement or other privileges.
The FBI's investigation is continuing, and prosecutions of
individuals involved in the attacks are contemplated.
Accordingly, the requested information must be reviewed by the
FBI and other components of the Department of Justice ("DOJ"),
and in some cases other agencies, prior to production.  The
process of gathering responsive documents, reviewing them for
privileged and classified information, and making judgments about
what information can and cannot be produced is tremendously time-
consuming and diverts FBI and other DOJ personnel from their
primary duties in investigating and prosecuting the underlying
matters.

        For all of these reasons, the requests for FBI document
discovery pose enormous logistical and resource concerns for the
government, as well as serious concerns about protection of
classified and privileged information.  Nevertheless, the FBI is
prepared to work with the parties in an effort to provide
reasonably available, unclassified, non-privileged information
that is relevant and material to the litigation.  The FBI has
already spent more than 1100 hours on the process of gathering
and reviewing responsive documents.  In an effort to streamline
the process, prevent piecemeal requests, reduce the burden on FBI
and DOJ of searching for and reviewing responsive documents, and
facilitate more efficient responses to the requests, by letter
dated March 16, 2007, we outlined a procedure for the parties to
obtain document discovery from the FBI.  Among other things, we

---

and the defendants requested documents from that list, TSA began
producing documents in January 2007.

Hon. Alvin K. Hellerstein
March 21, 2007
Page 4

have asked that any further requests be made by April 16, 2007,
that they be specific and narrowly tailored, and that the parties
make every effort to avoid duplicative requests.

        Second, the aviation defendants have made <u>Touhy</u>
requests for the depositions of several former high-level
government officials: George Tenet, Louis Freeh, Richard Clarke,
and Jane Garvey. We have agreed with the defendants to put aside
the request for Ms. Garvey, former head of the FAA, and instead
focus on their request for a 30(b)(6) witness from the FAA. We
are in the process of discussing appropriate topics for such a
deposition, and as reflected in Mr. Barry's March 20 letter to
the Court, we have indicated a target date of the first week of
May for the deposition.

        As for former Directors Freeh and Tenet, the
appropriate government agencies have responded to the <u>Touhy</u>
requests and stated their objections to those depositions
proceeding. These objections include the fact that defendants
have not adequately demonstrated the relevance of the proposed
testimony, as well as concerns regarding classified information
and other applicable privileges, among other things. As for Mr.
Clarke, <u>Touhy</u> is inapplicable because the National Security
Council does not have <u>Touhy</u> regulations. Nevertheless, by letter
dated March 14, 2007, the government has stated its objections to
a deposition of Mr. Clarke, including concerns over relevance,
classified information and other privileges. In his letter, Mr.
Barry accurately describes our agreement with the aviation
defendants to proceed before Your Honor on any challenges to the
government's position with respect to these three requests for
depositions.

        Third, during the last two weeks, we have received
numerous requests from the aviation defendants for additional
depositions. On March 6, 2007, the defendants provided a list of
witnesses they seek to depose consisting of various current and
former FBI and CIA agents who testified at the Moussaoui trial.
On March 15, 2007, the defendants also requested the depositions
of Khalid Sheik Mohammed and Ramzi Binalshibh, who are detained
at the United States Naval Base at Guantanamo Bay, Cuba. On
March 20, 2007, Massport served additional requests to depose two
FAA employees. All of these requests are under review.

Hon. Alvin K. Hellerstein
March 21, 2007
Page 5

<u>Fourth Circuit Decision in Moussaoui</u>

As Your Honor is aware, plaintiffs in this action
sought to obtain in the criminal proceeding pending in the
Eastern District of Virginia against Zacarias Moussaoui non-
public discovery material that the government had provided to
Moussaoui's defense team in the course of the criminal case
against him.  In a decision dated March 14, 2007, the United
States Court of Appeals for the Fourth Circuit reversed the lower
court ruling granting plaintiffs access to such materials.

The Fourth Circuit found that neither the Crime Victims
Rights Act, 18 U.S.C. § 3771, nor the Air Transportation Safety
and System Stabilization Act (ATSSSA), Pub. L. No. 107-42, 115
Stat. 230, 237 (2001), nor the district court's inherent
authority supported an order allowing plaintiffs access to non-
public materials produced to a defendant in a criminal
proceeding.  Thus, the court ruled that plaintiffs here may not
obtain discovery through the criminal proceeding against
Moussaoui, but rather must rely on the normal civil discovery
process in this proceeding.  <u>See United States v. Moussaoui</u>, -
F.3d -, 2007 WL 755276, at *14 (4th Cir. Mar. 14, 2007).  As
discussed above, the government has been working cooperatively
with the parties to facilitate appropriate discovery in this
matter, while limiting the burden on government resources and
protecting sensitive information.


                         Respectfully,


PETER D. KEISLER                 MICHAEL J. GARCIA
Assistant Attorney General       United States Attorney


DOUGLAS N. LETTER                By: _Beth Go_____
ALEXANDER HAAS                       BETH E. GOLDMAN
U.S. Department of Justice           SARAH S. NORMAND
                                     JEANNETTE A. VARGAS
                                     Assistant U.S. Attorneys
                                     Telephone: (212) 637-2732
                                     Facsimile: (212) 637-2730


cc:  Marc S. Moller, Esq.
     Desmond T. Barry, Jr., Esq.
     Richard Williamson, Esq.
     Robert A. Clifford, Esq.
     Beth D. Jacob, Esq.