UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LORETTA J. FILIPOV,                              :
                                                 :
                Plaintiff,     :    **ORDER CONCERNING**
                                                 :    **SETTLEMENT**
      -against-                                 :
                                                 :
AMERICAN AIRLINES et al.,                        :    21 MC 97 (AKH)
                                                 :    03 Civ. 7079 (AKH)
               Defendants.    :
-------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        On May 9, 2007, I approved a settlement of this case. Pursuant to agreed and ordered procedure, plaintiff submitted a proposed order for division of the proceeds of settlement. I decline to approve the proposed division.

        The essential point of disagreement arises from a proposed distribution to plaintiff's attorneys of 25 percent of the net settlement. All settlements thus far have been based on a 15 percent attorney's fee, based on the net settlement proceeds. I have declined to approve settlements that allocated more to attorneys. In light of the public interest in the 9/11 cases, the efficiencies that have been created in the consolidated and coordinated proceedings before me, and the sizeable amounts involved, I have concluded, and counsel have agreed, that a 15 percent recovery out of net proceeds is fair and reasonable.

        I recognize, however, that at this stage, attorneys have spent more and devoted more time than was the case for earlier settlements. Current settlements may adequately reflect the costs that attorneys have incurred in expenses and disbursements, in relation to earlier settlements. On the other hand, there may be other criteria to consider, which differ from those considered at earlier stages.

By affidavit dated June 22, 2007, plaintiff's law firm, Motley Rice LLC, avers that it "has taken a leadership role in the liability discovery, including the depositions of fact witnesses which have been ongoing since September 12, 2006;" that it "has retained several experts;" and that "Motley Rice LLC does not recover any litigation expenses from its clients, but instead absorbs all costs of this litigation in [its contingency fee]." Based on these statements, plaintiff and her lawyers ask the Court to approve a settlement distribution plan that would allocate 25 percent of the settlement to Motley Rice LLC or, in any event, more than the 15 percent allotted until now.

This litigation has progressed since I last considered the appropriate contingency fee for settling plaintiffs. Depositions have been taken, experts retained and consulted, and motions briefed and argued before the Court. In light of these greater efforts, I shall consider applications for fees greater than 15 percent where accompanied by an attorney's affidavit, to be filed under seal, summarizing the time and expense devoted to the settling plaintiff, a fair allocation of time expended to the issues of liability relevant to all cases, and an allocation of common expenses to particular cases. Motley Rice's affidavit, which does not state the magnitude of the firm's efforts in relation to the contingency fee, is insufficient for this purpose and, in the absence of the particularized showing that is required, the Filipov settlement will be approved if attorneys' fees are limited to 15 percent of net proceeds.

Plaintiff Filipov and Motley Rice LLC shall resubmit an application for a division of settlement proceeds conforming to this order.

SO ORDERED.

Dated:    June 28, 2007
          New York, New York

                                          /s/ Alvin K. Hellerstein
                                          ALVIN K. HELLERSTEIN
                                          United States District Judge

2